IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, ) ) ) ) | |
| v. ) | Case No. 08 C 482 |
| ) | |
| Plaintiffs, ) ) | Honorable District Judge Kennelly |
| BLOM TRUCKING, INC., an Ohio corporation, ) ) ) | |
| Defendant. ) | |

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee (collectively, the "Pension Fund") move this Court pursuant to Rule 55(b) of the Federal Rules of Civil Procedure for the entry of an order of default and default judgment against Defendant Blom Trucking, Inc., an Ohio corporation ("Blom"). In support of this Motion, the Pension Fund states as follows:

1. On January 22, 2008, the Pension Fund filed a complaint against Blom under the Employee Retirement Income Security Act ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq.*, to collect withdrawal liability due and owing to the Pension Fund, as well as interest, liquidated damages, attorneys' fees and costs.

2. On January 28, 2008, Blom was personally served with a copy of the Complaint and Summons.

F: 256850 / 08410009 / 3/21/08

3. Blom is in default because it has failed to file an answer or other responsive pleading to the complaint within the time limit prescribed by Fed.R.Civ.P. 12.

4. Blom has failed to make any withdrawal liability payments to the Pension Fund. (¶ 12 of Affidavit of Andrew M. Sprau attached hereto as Exhibit A).

5. Under 29 U.S.C. § 1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. Central States Pension Fund v. Slotky, 956 F.2d 1369, 1377 (7th Cir. 1992). Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to:

 (a) delinquent withdrawal liability payments;
 (b) interest on the delinquent withdrawal liability payments;
 (c) an amount equal to the greater of the interest or liquidated damages as provided under the Pension Fund Plan Documents in an amount not in excess of twenty percent (20%) of the delinquent withdrawal liability payments;
 (d) reasonable attorneys' fees and costs; and
 (e) such other relief the Court deems appropriate.

An award of these amounts is mandatory. Central States Pension Fund v. Gerber Truck Serv., 870 F.2d 1148, 1156 (7th Cir. 1989) (*en banc*).

6. Pursuant to 29 U.S.C. § 1132(g)(2), Blom owes the Pension Fund $439,587.51 in withdrawal liability. (¶ 17 of Sprau Aff., Exhibit A).

7. Pursuant to 29 U.S.C. § 1132(g)(2), interest is computed and charged at the rate set by the plan.

8. Under the Pension Fund's Plan, interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged. (¶ 16 of Sprau Aff., Exhibit A).

9.      Using this rate, Blom owes the Pension Fund $8,966.05 in interest.  (¶ 17 of Sprau Aff., Exhibit A).

10.     Under 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to twenty percent (20%) of the delinquent withdrawal liability as provided under the plan.  The Pension Fund Plan provides for liquidated damages in the amount of twenty percent (20%) of the unpaid withdrawal liability payments.  (¶ 14 of Sprau Aff., Exhibit A).

11.     Blom owes the Pension Fund $87,917.50 in liquidated damages.  (¶ 17 of Sprau Aff., Exhibit A).

12.     Blom owes the Pension Fund $795.00 in attorneys' fees and $500.00 in costs. (¶¶ 7-8 of Affidavit of Rebecca K. McMahon attached hereto as <u>Exhibit B</u>).

13.     Pursuant to the terms of the Pension Fund's Plan, the Pension Fund is entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.  <u>Central States Pension Fund v. Bomar Nat'l Inc.</u>, 253 F.3d 1011, 1019-20 (7th Cir. 2001).  (¶ 18 of Sprau Aff., Exhibit A).

**WHEREFORE**, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, request the following relief:

(a)     That Defendant Blom Trucking, Inc. be adjudged to be in default.

(b)     That a default judgment to entered against Blom Trucking, Inc. in the following amounts: (i) for withdrawal liability in the amount of $439,587.51; (ii) for interest on the amount of $8,966.05; (iii) for liquidated damages in the amount of $87,917.50; (iv) for

attorneys' fees in the amount of $795.00; and (v) for costs in the amount of $500.00.

(c) That the default judgment in the form attached hereto as <u>Exhibit C</u> award the Pension Fund post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.

(d) That this Court retain jurisdiction to enforce the provisions of its Order; and

(e) For such other relief deemed just and proper.

Respectfully submitted,

/s/ Rebecca K. McMahon
Rebecca K. McMahon
Attorney for Plaintiffs
Central States, Southeast and Southwest Areas
Pension Fund
9377 West Higgins Road
Rosemont, Illinois 60018-4938
847/518-9800, Ext. 3441
ARDC #06290192

March 21, 2008

F: 256850 / 08410009 / 3/21/08