# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
and HOWARD McDOUGALL, trustee, )
                              )
              v.                   )      Case No. 08 C 482
                              )
           Plaintiffs,       )      Honorable
                              )      District Judge Kennelly
BLOM TRUCKING, INC.,         )
an Ohio corporation,          )
                              )
          Defendant.        )

## AFFIDAVIT OF ANDREW M. SPRAU

State of Illinois    )
                   ) SS:
County of Cook    )

I, Andrew M. Sprau, having been duly sworn on oath, state as follows:

1.     I am the Department Manager for Collections at Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2.     The Pension Fund is a multiemployer pension plan as that term is defined by 29 U.S.C. § 1002(37)(A). On the date this action was filed and to the present date, the Plaintiff Howard McDougall was and is one of the trustees and a fiduciary of the Pension Fund. The Trustees are the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees are authorized to bring civil actions on behalf of the Pension Fund, its participants, and beneficiaries for the

F: 256846 / 08410009 / 3/21/08           -1-

purpose of collecting withdrawal liability pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1). This Court has jurisdiction over the action under Sections 502(a), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(a), 1132 (f), and 1451(c). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018-4938. Thus, venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this district under the venue selection clause of the Pension Fund Trust Agreement.

3.      I am responsible for managing the Pension Fund's assessment and collection program for withdrawal liability. If an employer has withdrawn from the Pension Fund, one of my staff members or I calculate the withdrawal liability due and notify the employer of the assessment in accordance with Section 4219(b)(1) of ERISA, 29 U.S.C. §§ 1399(b)(1).

4.      The files maintained for every employer who has withdrawn from participation in the Pension Fund, including one for Blom Trucking, Inc. ("Blom"), are under my dominion and control.

5.      The Pension Fund's records show that Blom was subject to collective bargaining agreements executed between itself and a local union affiliated with the International Brotherhood of Teamsters under which Blom was required to make contributions to the Pension Fund on behalf of certain of its employees.

6.      On or about April 28, 2007, Blom permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383. Thereafter, Blom was neither contributing or obligated to contribute to the Pension Fund.

F: 256846 / 08410009 / 3/21/08                    -2-

7.     As a result of this complete withdrawal, Blom incurred withdrawal liability to the Pension Fund in the amount of $439,587.51 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

8.     On or about December 14, 2007, Blom, through one of its Officer's, Paul Blom, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice notified Blom that it was required to discharge its liability in a lump sum payment of $439,587.51.

9.     Blom did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(b)(1).  As a consequence, the amounts demanded by the Pension Fund are due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

10.    Blom failed to make any withdrawal liability payments to the Pension Fund.

11.    Pursuant to Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), the failure of an employer to pay withdrawal liability payments when due is treated in the same manner as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. § 1145.

12.    Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under 29 U.S.C. § 1451(b):

      (1)     withdrawal liability;
      (2)     interest;
      (3)     an amount equal to the greater of the interest or liquidated damages in the amount of 20% of the withdrawal liability; and
      (4)     reasonable attorneys' fees and costs.

13.    Under 29 U.S.C. § 1132(g)(2), interest is determined using the rate under the Pension Plan.

14.     Under the Pension Plan, interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which interest is charged.

15.     Accordingly, I have calculated that Plaintiffs are entitled to a judgment against Blom for:

        (1)     $439,587.51 in withdrawal liability;

        (2)     $8,966.05 in interest (through March 28, 2008);

        (3)     $87,917.50 in liquidated damages;

        (4)     Attorneys' fees and costs.

16.     Under the Pension Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which interest is charged, and shall be compounded annually.

**FURTHER AFFIANT SAYETH NOT.**

Andrew M. Sprau

Subscribed and sworn to before me, a Notary Public, this 21ˢᵗ day of March, 2008.

Notary Public

Official Seal
Debbie R Bolden
Notary Public State of Illinois
My Commission Expires 06/06/2009

F: 256846 / 08410009 / 3/21/08                    -4-