# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
and HOWARD McDOUGALL, trustee, )
)
v. ) Case No. 08 C 482
)
Plaintiffs, ) Honorable
) District Judge Kennelly
BLOM TRUCKING, INC., )
an Ohio corporation, )
)
Defendant. )

## CITATION IN SUPPLEMENTAL
## PROCEEDINGS TO DISCOVER ASSETS

TO:   Paul H. Blom, President
      1234 West Seymour Avenue
      Cincinnati, Ohio 45216

YOU ARE HEREBY summoned to be present in person at the Central States Law Department, 9377 West Higgins Road, 10th Floor, Rosemont, Illinois, 60018-4938 on the **10th day of June, 2008 at the hour of 9:00 a.m.**, and then and there to answer under oath such questions as may be put to you concerning the personal and real property of and/or indebtedness due the above-named Defendant, and to abide the further order of the Court.

YOUR FAILURE TO APPEAR FOR THE DEPOSITION AS HEREIN DIRECTED MAY RESULT IN THE FILING OF A MOTION BY THE JUDGMENT CREDITOR REQUESTING THAT YOU BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN A FEDERAL CORRECTIONAL FACILITY.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from enforcement of a judgment, a deduction order or garnishment belonging to the judgment debtor or to which he or she or it may be entitled or which may hereafter be acquired by or become due to him or her or it, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until further order of the Court or termination of the proceedings, whichever occurs first. You are not required to withhold the payment of any money beyond double the amount of the judgment. On March 28, 2008 the judgment was entered in the amount of $537,766.06 and the unsatisfied balance is in the amount of $541,015.06. The Court may punish any party who violates this restraining provision as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this section, or in the amount of the value of the property transferred, whichever is lesser.

YOU ARE FURTHER commanded to produce at said time and place:

1. Any and all of judgment debtor's financial statements and schedules or attachments thereto (including but not limited to all balance sheets, income statements, summaries or statements of significant activities, schedules of expenses or income, statements of changes in financial position, notes to financial statements) prepared for the fiscal period of 2005 to the present.

2. Any and all of judgment debtor's tax returns and any schedules or attachments thereto prepared for the fiscal period of January 2005 to the present and copies of any presently existing IRS liens.

3. Any statements received from any bank or institution where the judgment debtor had funds on deposit for the period of January 2005 to the present.

4. Titles or deeds to any real or personal property owned by the judgment debtor, any documents relating to the value of such property (including appraisals) and any

mortgages, liens, security agreements or financing statements relating to any real or personal property of the judgment debtor.

5. Any documents evidencing judgment debtor's equitable interests in any real property.

6. Any documents which indicate or list the accounts receivable of the judgment debtor and any documents which identify the name and/or address and/or amount owed by any person or entity who owes money to the judgment debtor.

7. Any documents that evidence any assets of the judgment debtor including (but not limited to):

    (a) all insurance policies owned by the judgment debtor with a cash value;

    (b) all stock certificates owned by the judgment debtor;

    (c) all bonds owned by the judgment debtor;

    (d) all trust instruments relating to any trust of which the judgment debtor is a beneficiary;

    (e) all partnership agreements relating to partnerships in which the judgment debtor is either a general or limited partner.

8. Copies of any judgments obtained by the judgment debtor against any individual or entity that are not fully satisfied.

9. Copies of any judgment obtained against the judgment debtor that is not yet fully satisfied.

10. Any documents which indicate or list the accounts payable of the judgment debtor.

11. Any books, papers, or records in your possession or control which may

contain information concerning the property or income of, or indebtedness due, the judgment debtor.

12. Copies of all lease agreements entered into by judgment debtor (whether as lessor, lessee, sublessor, sublessee or otherwise) in force during the period of January 2005 to the present.

13. Any books, papers, or records in your possession, custody, or control which indicate the shareholders of judgment debtor, the amount of shares owned by each shareholder, and/or any transfer of any shares of judgment debtor for the period of January 1, 2005 to the present.

14. Any books, papers, or records in your possession, custody, or control which list any transfers of any assets of judgment debtor to any officer, director, or shareholder of judgment debtor for the period of January 2005 to the present.

15. A list of all cash and/or assets in excess of $5,000.00 transferred by the judgment debtor to any individual, entity or trust for the period of January 2005 to the present. This list shall identify the date of each transfer, the recipient and shall specify the cash and/or assets transferred. All documents which refer or relate to any transfer identified shall also be produced.

16. Copies of any loan agreements entered into by judgment debtor wherein judgment debtor either loaned money and/or other assets or received a loan of money and/or other assets for the period of January 2005 to the present. Also provide any documents evidencing repayment (in whole or in part) of these loans.

17.  Any books, papers, or records in your possession or control which contain information concerning any property or income of, or indebtedness due, the judgment debtor not specifically requested in the foregoing paragraphs.

MAY 0 1 2008

MICHAEL W. DOBBINS

CLERK OF THE COURT

*Yvette Montano*
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| v. | ) ) | Case No. 08 C 482 |
| Plaintiffs, | ) ) ) | Honorable District Judge Kennelly |
| BLOM TRUCKING, INC., an Ohio corporation, | ) ) ) | |
| Defendant. | ) ) | |

TO:   Paul H. Blom, President
      1234 West Seymour Avenue
      Cincinnati, Ohio 45216

## CITATION NOTICE

Court:                     U.S. District Court, Northern District of Illinois
                           219 South Dearborn Street
                           Chicago, Illinois

Name of Case:              Central States, Southeast and Southwest Areas Pension
                           Fund v. Blom Trucking, Inc.

Last Known Address
of Judgment Debtor:        Blom Trucking, Inc.
                           7414 Fairpark Avenue
                           Cincinnati, Ohio 45216

F: 261072 / 08410009 / 5/1/08                -1-

| | |
|---|---|
| Name and Address of Attorney for Judgment Creditor: | Rebecca K. McMahon<br>Central States, Southeast and Southwest Areas Pension Fund<br>9377 West Higgins Road<br>Rosemont, Illinois 60018-4938<br>(847) 518-9800, Ext. 3441 |
| Judgment Date and Amount: | March 28, 2008<br>$537,766.06 |
| Judgment Balance: | $541,015.06 |
| Name of Person Receiving Citation: | Paul H. Blom |
| Deposition Date and Time: | June 10, 2008<br>9:00 a.m. |

**NOTICE:** The Court has issued a citation against the above-named "Person Receiving Citation." The citation directs that person to appear at a deposition to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtors or in which the judgment debtors have an interest. The citation was issued on the basis of a judgment against the judgment debtors in favor of the judgment creditor in the amount stated above. On or after the deposition date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTORS HAVE THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $2,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $1,200 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $750 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $7,500, which homestead is exempt from judgment.

(3)   Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage.

(4)   Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5)   Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtors may have other possible exemptions under the law.

THE JUDGMENT DEBTORS HAVE THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtors also have the right to seek a declaration at an earlier date, by notifying the clerk in writing directed to: Clerk of United States District Court, 219 S. Dearborn, Chicago, Illinois. Any writing to the Clerk should include the "Name of Case" and "Case Number" referred to on page 1 of this notice and a copy should be provided to counsel for the judgment creditor. When so notified, the Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtors or the attorney for the judgment debtors and sent to the judgment creditor regarding the time and location of the hearing. This notice may be sent by regular first class mail.

*Rebecca K. McMahon*
One of the Attorneys for the Judgment Creditor

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>v.<br><br>       Plaintiffs,<br><br>BLOM TRUCKING, INC., an Ohio corporation,<br><br>       Defendant. | Case No. 08 C 482<br><br>Honorable<br>District Judge Kennelly |

**CERTIFICATION**

I certify that on March 28, 2008 a judgment was entered in this case in the amount of $537,766.06 and that the unsatisfied balance at this time is in the amount of $541,015.06.

Respectfully submitted,

*Rebecca K. McMahon*
Rebecca K. McMahon
Attorney for Plaintiffs
Central States, Southeast & Southwest
Areas Pension Fund
9377 West Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3441

May 1, 2008

F: 261073 / 08410009 / 5/1/08

-1-